Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6671 | **DATE** | Feb. 25, 2002 |
| **CASE TITLE** | Paulette Stobinske-Sawyer  v  Village of Alsip | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing reset to 3/19/02, at 9:00 a.m.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]

Memorandum opinion entered. Accordingly, defendants' motion to dismiss is denied with respect to counts IV, VI and VII and granted without prejudice with respect to count V. Defendants' answer to counts IV, VI and VII is due by 3/18/02.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| X | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | FEB 2 6 2002 date docketed | 22 |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| GDS | courtroom deputy's initials | | 02 FEB 25 PM 12:36 | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAULETTE STOBINSKE-SAWYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 01 C 6671 |
| v. | ) |
| | ) Judge Robert W. Gettleman |
| VILLAGE OF ALSIP; COOK COUNTY; COOK COUNTY SHERIFF'S POLICE OFFICER JAMES M. PACETTI, Star No. 618; COOK COUNTY SHERIFF'S POLICE SERGEANT BLACKBURN; ALSIP POLICE OFFICER KEVIN MIKOS, Star No. 61; ALSIP POLICE OFFICER DONCHEZ, Star No. 73, | ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

DOCKETED
FEB 2 6 2002

## MEMORANDUM OPINION

Plaintiff, Paulette Stobinske-Sawyer, has filed a seven count complaint against the Village of Alsip ("Alsip"), Cook County Sheriff Michael Sheahan ("Sheahan"), in his professional capacity, Cook County Sheriff's Police Officer James M. Pacetti ("Pacetti"), Cook County Sheriff's Police Sergeant Blackburn ("Blackburn"), Alsip Police Officer Kevin Mikos ("Mikos"), Alsip Police Officer Miller ("Miller"), and Alsip Police Officer Donchez ("Donchez"). In Count I, plaintiff alleges excessive force in violation of 42 U.S.C. § 1983 against Alsip, Sheahan, Pacetti, and Mikos. In Count II, also brought pursuant to § 1983, plaintiff alleges deprivation of necessary medical care against Alsip, Sheahan, Pacetti, Blackburn, Mikos, Miller, and Donchez. Count III, also pursuant to § 1983, alleges unlawful detention against Alsip, Sheahan, Pacetti, Blackburn, Mikos, Miller, and Donchez. Count IV is a state law malicious prosecution against Pacetti and Mikos. Count V alleges a state law defamation against Mikos. Plaintiff also alleges respondeat superior (Count VI) and indemnification (Count VII) against both Alsip and Sheahan. Defendants Mikos, Miller, and

Donchez have moved to dismiss Counts IV, V, VI, and VII for failure to state a claim. For the following reasons, defendants' motion is denied in part and granted in part.

## FACTS

For purposes of a motion to dismiss, the court accepts the factual allegations of the complaint as true and draws all reasonable inferences in favor of plaintiff. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1428 (7th Cir. 1996). The complaint alleges that on June 2, 2000, plaintiff, a 48-year-old mother of one, was driving home with a friend from her daughter's wedding rehearsal through Alsip, Illinois, when plaintiff was pulled over for speeding by defendant Pacetti, a Cook Count Sheriff's Police Officer assigned to assist the Alsip Police Department. While ticketing plaintiff for speeding and having no proof of insurance, Pacetti noticed a glass in plaintiff's car and asked what it contained. Plaintiff responded that the glass contained only water, handed Pacetti the glass, and stated once more that it was only water. Satisfied that the glass did not contain alcohol, but apparently angered by plaintiff's statement, Pacetti ordered plaintiff out of the car and began pulling on plaintiff's shirt through the car window when plaintiff inquired as to why she needed to get out of the car.

Fearing for her safety, plaintiff asked her passenger to call the Blue Island Police Department for assistance while defendant Pacetti walked behind plaintiff's car to speak with Mikos, an officer of the Alsip Police Department who had just arrived at the scene. Once she stepped out of the car, Plaintiff was handed the cell phone and was still on the phone when Pacetti returned and informed plaintiff that he was taking her to jail. Plaintiff alleges that Pacetti and Mikos then forced plaintiff's arms behind her back, using more force than reasonably necessary, and handcuffed her. Plaintiff, who had recently suffered nerve damage to her elbow,

2

felt a snap in her arm and began to cry. Plaintiff alleges that she tried to communicate her pain to the officers while being taken to the Alsip Police Department, but was ignored and mocked.

Plaintiff was charged with battery and resisting arrest. After arriving at the police department, plaintiff asked several officers, including Sergeant Blackburn, for medical treatment and the opportunity to call her husband. Each time plaintiff was ignored. Plaintiff was left alone in a locked room for approximately 1 ½ hours before bond was posted and she was released from custody. At no point during these events was plaintiff informed of her Miranda rights or given the opportunity to make a phone call.

Shortly after this incident, Mikos placed a phone call to plaintiff's employer, St. Francis Hospital, during which the officer falsely informed the House Supervisor that plaintiff had threatened both Pacetti and him, and that plaintiff should be removed from her position as an Emergency Room Secretary. The phone call resulted in an investigation by the hospital's administration, but ultimately the investigation exonerated plaintiff. Plaintiff was also acquitted of the charges of battery and resisting arrest on October 10, 2000.

## LEGAL STANDARD

In ruling on a motion to dismiss for failure to state a claim, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992). A claim may be dismissed only if it is beyond doubt that under no set of facts would plaintiff's allegations entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46; *Travel All Over the World*, 73 F.3d at 1429-30. The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide its merits. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

3

# DISCUSSION

I. <u>Count IV—State Law Malicious Prosecution Claim Against Defendants Pacetti and Mikos</u>

To state a claim for malicious prosecution under Illinois law, plaintiff must allege: (1) the commencement or continuance of a legal proceeding by defendants; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff. *Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (Ill. 1996). Moreover, the existence of probable cause to arrest is a complete defense to malicious prosecution under Illinois law.[1] *Kies v. City of Aurora*, 156 F.Supp.2d 970, 981 (N.D. Ill., 2001); *Penn v. Chicago State Univ.*, 162 F.Supp.2d 968, 975 (N.D. Ill., 2001).

Defendants move to dismiss Count IV, arguing that there was probable cause for arrest. In support of this motion, defendants attach a transcript of the criminal court proceedings and argue that the court can view this transcript by relying upon *Venture Assoc. Corp. v. Zenith Data Systems*, 987 F.2d 429 (7th Cir. 1993). The court disagrees. *Venture Assoc.* stands for the proposition that documents that a defendant attaches to a motion to dismiss are considered part of the pleadings when they are, 1) referred to in the plaintiff's complaint, and 2) are central to her claim. *Id.* at 431. *Venture Assoc.*, however, involved a breach of contract claim, in which the court chose to view the "offer to sell" and "letter of intent" because both documents were referred to in the complaint and were "central to Venture's claim as they constitute[d] the core of

---

[1] While defendants are correct in stating that the existence of probable cause to arrest bars any malicious prosecution claim, they mistakenly cite to *Biddle v. Martin*, 992 F.2d 673 (7th Cir. 1993), and *Fernandez v. Perez*, 937 F.2d 368 (7th Cir. 1991), for their support. Both cases involved a federal malicious prosecution claim under 42 U.S.C. § 1983, rather than a state law claim. Moreover, the Seventh Circuit has made it clear that "the existence of a tort claim [for malicious prosecution] under state law knocks out any constitutional theory of malicious prosecution." *Newsome v. McCabe*, 256 F.3d 747, 750 (7th Cir. 2001).

4

the parties' contractual relationship." Unlike the documents in *Venture Assoc.*, the transcript of plaintiff's state court proceeding is neither central to her malicious prosecution claim, nor referred to in her complaint. Rather, the transcript is of plaintiff's trial on the charges of battery and resisting arrest, neither of which involved a decision on probable cause to arrest.

Therefore, to view the transcript would require the court to convert defendant's motion to dismiss into one for summary judgment. Rule 12(b) states, "If, on a motion asserting the . . . failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." Fed. R. Civ. P. 12(b). The court declines to do so. When reviewing a motion to dismiss, the court's inquiry is generally limited to the factual allegations contained within the four corners of the complaint. *Hill v. Trustees of Ind. Univ.*, 537 F.2d 248, 251 (7th Cir.1976). Plaintiff has sufficiently alleged lack of probable cause to withstand defendants' motion to dismiss.

Moreover, even if the court were to view the criminal court transcript by converting the motion into one for summary judgment, the existence of probable cause is a mixed question of law and fact. *Ornelas v. United States*, 517 U.S. 690, 696 (1996). The transcript contains no factual finding of probable cause. The transcript shows only, 1) that both plaintiff and Pacetti agreed that Pacetti pulled the tickets away each time plaintiff reached for them, and 2) that plaintiff admitted that she "touched" the microphone cord on Pacetti's body in her third attempt to grab her tickets. It is unclear whether this "touching" was intentional or accidental.[2]

---

[2] Criminal battery requires more than a simple touching. "A person commits battery if he intentionally or knowingly . . . 1) causes bodily harm to an individual or 2) makes physical contact of an insulting or provoking nature with an individual." 720 ILCS 5/12-3

5

When facts sufficient to create probable cause are undisputed, probable cause is a question of law. *Cervantes v. Jones*, 188 F.3d 805, 811 (7th Cir. 1999). A dispute concerning some facts relevant to the probable cause analysis does not preclude the finding of probable cause, so long as the finding survives after adopting the plaintiff's version of the disputed facts supported by the record. *Cervantes*, 188 F.3d at 811. Plaintiff's version of the facts point to an accidental touching and an absence of probable cause to arrest.

Finally, in their reply brief in support of the motion to dismiss, defendants briefly argue that, even if probable cause was absent for the arrest, qualified immunity shields them from liability if a reasonable officer would have believed that probable cause existed. The court will not consider an issue that was raised for the first time in a reply brief and was not part of the motion to dismiss. Even if the issue of qualified immunity had been raised properly, defendants could not prevail at this stage of the case. Although an officer who had a reasonable, yet mistaken belief that probable cause existed is entitled to qualified immunity, *Saucier v. Katz*, 121 S.Ct. 2151 (2001), the court is unable to conclude at this point that, as a matter of law, it was objectively reasonable for Officer Pacetti to believe that he had probable cause to arrest plaintiff for battery and resisting arrest. *See Kies v. City of Aurora*, 156 F. Supp.2d 970, 982-87 (N.D. Ill. 2001).

## II. Count V—State Law Defamation Claim Against Defendant Mikos

Defendants move to dismiss Count V arguing that the claim is untimely. The statute of limitations for defamation claims in Illinois is one year. 735 ILCS 5/13-201. Plaintiff was arrested on June 2, 2000. According to the allegations, defendant Mikos phoned plaintiff's employer "shortly after" the arrest and falsely stated: (a) that plaintiff had threatened both Pacetti and him; (b) that plaintiff was a threat to any officer or fireman who came to the hospital's

emergency room; and (c) that plaintiff should be removed from her position. Plaintiff did not file her complaint until August 28, 2001, almost one year and three months after her arrest. In the context of this case, "shortly after the incident" would imply that the call was placed within days, or at most weeks, of the incident—not three months afterward. Plaintiff's defamation claim is dismissed without prejudice. Plaintiff is granted leave to take discovery, including third party discovery, to determine exactly when the call was made, and to refile the defamation claim if it is timely.

III. Count VI--Respondeat Superior and Count VII--Indemnification Against Alsip and Sheahan

Defendants have also moved to dismiss Count VI and VII, arguing that the claims are untimely. Plaintiff's malicious prosecution claim does not accrue for limitation purposes until after the state criminal proceedings are terminated. *Burge v. Harvey Police Officers*, 1997 WL 610045 (Ill. 1997). Plaintiff was acquitted of criminal charges on October 10, 2000. Her lawsuit was timely filed less than one year later, on August 28, 2001. Because plaintiff's malicious prosecution claims against defendant Pacetti and defendant Mikos are timely, plaintiff's respondeat superior and indemnification claims against Alsip and Sheahan based on that claim are also timely.

## CONCLUSION

For the aforementioned reasons, defendants' motion to dismiss is denied with respect to Counts IV, VI and VII, and granted without prejudice with respect to Count V. Defendants shall

7

file their answer to Counts IV, VI and VII on or before March 18, 2002. The status report previously set for March 7, 2002, is vacated and reset to March 19, 2002, at 9:00 a.m.

ENTER: February 25, 2002

_____
Robert W. Gettleman
United States District Judge